UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ASHLEY MILLER and JUSTIN MILLER, Parents of JONAH EDMUND MILLER, Deceased minor,<br><br>   Plaintiffs,<br><br> v.<br><br>ANONYMOUS CORPORATION A d/b/a ANONYMOUS HOSPITAL B, ANONYMOUS DOCTOR A, and BOSTON SCIENTIFIC CORPORATION,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) CASE NO. 1:12-cv-562-TWP-DML<br>)<br>)<br>)<br>)<br>)<br>) |

## Order of Remand

   This matter is before the court on the plaintiffs' motion to remand. (Dkt. 14). The plaintiffs' suit asserts medical malpractice claims against a hospital and doctor and products liability claims against Boston Scientific Corporation. The plaintiffs allege that their baby's death was caused by a defective feeding tube placed in the baby's abdomen while under the care and treatment of defendants Anonymous Hospital and Anonymous Doctor. The identities of the hospital and doctor are not disclosed by the complaint because Indiana's Medical Malpractice Act prohibits the plaintiffs from doing so. Ind. Code § 34-18-18-7. The parties and this court know, however, that Anonymous Hospital and Anonymous Doctor are Indiana citizens, and thus share citizenship with the plaintiffs. Plaintiffs contend, therefore, that the court lacks diversity jurisdiction and must remand to state court. Boston Scientific argues that until the names of Anonymous Hospital and Anonymous Doctor are disclosed in a complaint, the court must disregard their citizenship. In its view, because the plaintiffs and Boston Scientific are diverse in

citizenship and the citizenship of the other defendants should not be counted, the court is obligated to exercise jurisdiction and may not remand.

As explained below, the court agrees with the plaintiffs.

## I.     Procedural History

The plaintiffs filed their complaint in Marion Superior Court on March 26, 2012, and the action was removed to this court on April 27, 2012. Under the Indiana Medical Malpractice Act, a complaint of medical malpractice must first be evaluated in a quasi-administrative proceeding in which a panel of medical experts determines whether the healthcare providers were negligent and whether any negligence proximately caused the plaintiff's injuries. Ind. Code § 34-18-8-4. Generally, litigation may not be commenced until the panel issues its expert opinion. *Id.* In some circumstances—as with this case in which medical malpractice claims against healthcare providers covered by the Act are joined with products liability claims against medical device manufacturers who do not fall within the Act—a complaint is filed in court before the expert medical panel opines regarding the healthcare providers' alleged negligence. The Act permits such litigation, but the plaintiff's "complaint filed in court may not contain any information that would allow a third party to identify the [healthcare] defendant." Ind. Code § 34-18-8-7. The purpose for shielding the provider's identity until the expert medical panel reaches its decision is to protect the professional reputation of the provider from unfounded malpractice claims. *Kho v. Pennington,* 875 N.E.2d 208, 214 (Ind. 2007).

As noted, the plaintiffs' complaint complied with the Act by identifying the defendant hospital and doctor as "Anonymous Hospital" and "Anonymous Doctor," although all parties know who they are, they have been served with process, and the court has personal jurisdiction over them. The hospital has appeared in this case by counsel and filed a corporate disclosure

statement identifying itself as Indiana University Health, Inc. d/b/a Riley Hospital for Children ("IU/Riley"). (Dkt. 11). The doctor has also appeared by counsel, and although the doctor apparently still prefers his or her name not be used until the medical review panel acts, counsel has disclosed that the doctor is an Indiana citizen. (Dkt. 14-3).

**II.     Analysis**

The removal statute directs that in determining whether an action can be removed on diversity jurisdiction grounds, the citizenship of "defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441. Based on this provision, Boston Scientific's removal papers disregarded the hospital's and doctor's citizenship. Whether or not removal itself was proper (because the complaint did not disclose the identities of the healthcare defendants and Boston Scientific may not have known their identities upon removal), the issue here is whether the court can or should continue to exercise diversity jurisdiction when the court and the parties know the identities and citizenship of the defendants and know that diversity in citizenship is (or, in Boston Scientific's view, will be) lacking. Judges in this district have resolved the issue by determining that a healthcare provider defendant who was named "anonymous" in the complaint only because of the Act but whose identity becomes known (and is indeed disclosed in public filings with the court) is not "fictitious" and its citizenship cannot be disregarded. *Caywood v. Anonymous Hospital,* Case No. 1:11-cv-1313-TWP-MJD, Dkt. 38 (S.D. Ind. March 29, 2012); *Ropp v. Stryker,* Case No. 1:10-cv-0008-JMS-DML, Dkts. 41 and 54 (S.D. Ind. Nov. 23, 2010 and Jan. 26, 2011).

The court is not persuaded it should change course for this case and agrees with Magistrate Judge Dinsmore's analysis in *Caywood*. There is no principled basis for classifying as fictitious the healthcare defendants in this case when they have been served with the

complaint, are represented by counsel, have declared their citizenship, and, in the case of the hospital, identified itself by name. A "fictitious" defendant, for purposes of the removal statute, or at least for purposes of determining whether the court can continue to exercise jurisdiction once removed, is one whose identity is *unknown* and whose citizenship thus cannot be determined. *See Caywood,* Case No. 1:12-cv-562, Dkt. 38, at p.4 (citing Commentary of 1988 and 1990 Revisions of Section 1441).

Because IU/Riley and "Anonymous" Doctor are Indiana citizens and share citizenship with the plaintiffs, the court lacks subject matter jurisdiction. This case must be remanded to the Marion Superior Court.

## Conclusion

The plaintiffs' motion (Dkt. 14) for remand is GRANTED. The court is without subject matter jurisdiction and therefore REMANDS this case to Marion Superior Court under 28 U.S.C. § 1447(c).

So ORDERED.

Date: __08/07/2012__

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution to all counsel of record via CM/ECF